United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L. TOWNSEND and IRIS TOWNSEND,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 18-cv-07382-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 32 |

Before the Court is defendant Wells Fargo Bank's motion to dismiss plaintiffs Ronnie L. Townsend and Iris Townsend's second amended complaint, asserting eleven claims. *See* Dkt. No. 32. Wells Fargo argues that each of Plaintiffs' claims are preempted and, in any case, Plaintiffs fail to state a claim. For the following reasons, the Court GRANTS Wells Fargo's motion to dismiss with leave to amend.

**I.   Allegations in the Second Amended Complaint**

Plaintiffs purchased a house in San Jose in 2007, secured by a deed of trust with World Savings Bank. *See* Dkt. No. 31 ("SAC") ¶¶ 7, 10. Wells Fargo eventually acquired the deed. *Id.* ¶ 10. In 2010, Plaintiffs obtained a loan modification that changed the maturity date of their promissory note from 30 years to 40 years. *Id.*

Plaintiffs defaulted on their mortgage in April 2011. *Id.* ¶ 13. At that time, they applied for a loss mitigation plan, but were apparently unsuccessful. *Id.* As a result, on

August 17, 2011, Wells Fargo posted a notice of default and intent to foreclose on Plaintiffs' home. *Id.* Wells Fargo intended to sell the house on September 6, 2011. *Id.* To stave off the sale, Plaintiffs filed for Chapter 13 bankruptcy around October 2011. *See id.* ¶ 15. Plaintiffs were successful in temporarily stopping the sale and Wells Fargo delayed the foreclosure sale to May 2018. *Id.* ¶ 27.

In 2016, Plaintiffs reapplied for loan modification after realizing that their recent reduction in income may qualify them for modification. *Id.* ¶ 17. During this review, Plaintiffs obtained conflicting information from Wells Fargo regarding whether they should continue to make mortgage payments. *Id.* ¶¶ 17–19. Plaintiffs were denied loan modification in November 2016. *Id.* ¶ 20. Wells Fargo denied their appeal in December 2016. *Id.* ¶ 22.

In January 2017, Plaintiffs sought to pay part of the amount in arrears, but Wells Fargo denied their request and informed Plaintiffs that it intended to proceed with foreclosure. *Id.* ¶ 24. Plaintiffs began speaking with third party lenders to refinance their mortgage. *Id.* ¶ 25. In April 2017, they secured conditional approval for an additional loan contingent on a reduction of the loan to principle ratio on their mortgage. *Id.* At the same time, Plaintiffs also sought loan modification in connection with HAMP guidelines. *Id.* ¶ 27. Wells Fargo denied Plaintiffs' request to reduce their mortgage principle in May 2017 (*id.* ¶ 25) and denied loan modification in June 2017 (*id.* ¶ 27).

Wells Fargo set Plaintiffs' house for foreclosure sale in February 2018. *Id.* Plaintiffs again filed for Chapter 13 bankruptcy to delay the sale. *Id.* In April 2018, Plaintiffs were again able to obtain conditional approval for a third-party loan, but that lender notified Plaintiffs that they would not give final approval while Plaintiffs' house was in active foreclosure. *Id.* Plaintiffs requested Wells Fargo take the house out of active foreclosure, but Wells Fargo refused to do so. *Id.* Because Plaintiffs' bankruptcy filing did not include an automatic stay, Plaintiffs' house was sold at public auction to Breckenridge Property Fund on May 10, 2018. *Id.* ¶¶ 27, 28.

In September 2018, an unlawful detainer judgment was entered against Plaintiffs

1 and Plaintiffs vacated the house in January 2019. *Id.* ¶¶ 28, 29.

## II. Procedural Background

On November 6, 2018, plaintiff Ronnie L. Townsend initiated this lawsuit in Santa Clara County Superior Court. *See* Dkt. No. 1-1, Ex. A. Townsend filed his first amended complaint in Santa Clara County Superior Court on October 16, 2018. *See id.* at 6. Wells Fargo removed the case to this Court on December 7, 2018. *See* Dkt. No. 1.

Townsend moved for a preliminary injunction to stop his eviction on December 28, 2018. *See* Dkt. No. 12. The Court denied that injunction on January 8, 2019 (*see* Dkt. No. 23) and granted Townsend leave to amend his complaint to add his wife, Iris Townsend, and fix certain jurisdictional defects in his first amended complaint (*see* Dkt. No. 26).

On January 30, 2019, Plaintiffs filed their second amended complaint, alleging: (1) violation of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*; (2) wrongful foreclosure under Cal. Civ. Code § 2923.5; (3) negligence; (4) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (5) quiet title; (6) violation of Fourteenth Amendment due process; (7) broken chain of title; (8) failure to file IRS Forms 56 and 4490; (9) reconveyance; (10) violation of the California Homeowner Bill of Rights, Cal. Civ. Code §§ 2923.6, 2923.7; and (11) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* *See* Dkt. No. 31.

Wells Fargo moved to dismiss the entire complaint on February 14, 2019. *See* Dkt. No. 32. Once the motion was fully briefed, the Court took it under submission. *See* Dkt. Nos. 40, 44, 45. All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). *See* Dkt. Nos. 9, 11, 30.

## III. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

**IV. Discussion**

**A. Federal Rule of Civil Procedure 41(b)**

Wells Fargo first argues that Plaintiffs' second amended complaint should be dismissed under Federal Rule of Civil Procedure 41(b) because the operative complaint is not the same complaint attached to Plaintiffs' previous motion for leave to file a second amended complaint. Federal Rule of Civil Procedure 41(b) permits "a defendant [to] move to dismiss the action or any claim against it" if plaintiffs "fails to prosecute or comply with these rules or a court order.

Here, the Court granted Plaintiffs leave to file a second amended complaint on January 16, 2019. *See* Dkt. No. 26. In that order, the Court directed Plaintiffs to either remove Wells Fargo Home Mortgage as a party or to prove service on that entity given that Wells Fargo Home Mortgage is no longer a separate entity. *Id.* at 2. The Court did not, however, otherwise limit or constrain Plaintiffs' leave to file their second amended complaint.

Accordingly, the Court will not dismiss or strike Plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 41(b). Going forward, however, Plaintiffs may not add claims or parties without further, explicit leave of court.

4

**B.  HOLA Preemption**

Wells Fargo next argues that Plaintiffs' second amended complaint should be dismissed in its entirety because each of Plaintiffs' state-law claims are preempted by the Home Owners' Loans Act of 1933 ("HOLA").

"Article VI, cl. 2, of the Constitution provides that the laws of the United States 'shall be the supreme Law of the Land; ... any Thing in the Constitution or Laws of any state to the Contrary notwithstanding.'" *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008) (citing U.S. CONST. art. VI, cl. 2).  As a result, courts "have long recognized that state laws the conflict with federal law are without effect." *Id.* (citation and quotation marks omitted).  This doctrine is known as preemption.

There are three forms of defensive preemption: (1) express preemption; (2) field preemption; and (3) conflict preemption.  *See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 948 (9th Cir. 2014).  Relevant here, field preemption occurs "when federal regulation in a particular field is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *Bank of Am. V. City & Cnty. of San Francisco*, 309 F.3d 551, 558 (9th Cir. 2002) (citation and quotation marks omitted).  "In such cases of field preemption, the mere volume and complexity of federal regulations demonstrate an implicit congressional intent to displace all state law." *Id.*

In 1933, Congress passed the HOLA "when record numbers of home loans were in default and a staggering number of state-chartered savings associations were insolvent." *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008).  Under the HOLA, the Office of Thrift Supervision ("OTS") were granted broad authority to regulate thrifts. *Id.* (citing 12 U.S.C. § 1464).  OTS promulgated a field preemption regulation explaining that HOLA "occupies the entire field of lending regulation for federal savings associations" and establishing a framework for determining whether a state law is preempted.  *Silvas*, 514 F.3d at 1004 (quoting 12 C.F.R. § 560.2(a)).

After the mortgage crisis in 2008, however, the preemption landscape changed in

two ways. First, Congress passed the Dodd-Frank Wall Street Reform Act and Consumer Protection Act of 2010 ("Dodd-Frank"), 12 U.S.C. § 5412, which eliminated the OTS and transferred its duties to other regulatory bodies. *See Quintero v. Wells Fargo Bank, N.A.*, No. 13-cv-04937-JSC, 2014 WL 202755, at *3 (N.D. Cal. Jan. 17, 2014). Dodd-Frank "clarified" preemption standards for federal thrifts as applying conflict preemption principles, not field preemption principles. *See* 12 U.S.C. § 1465. But Dodd-Frank also included a provision which preserved the application of pre-Dodd-Frank regulations, including 12 C.F.R. § 560.2 (Oct. 10, 2018), to "contracts entered into on or before July 21, 2010, by national banks, Federal savings associations, or subsidiaries thereof . . . ." 12 U.S.C. § 5553.[1] Here, Plaintiffs' Deed of Trust[2] was entered into on February 20, 2007; so § 5553 preserves the application of the field preemption principles in 12 C.F.R. § 560.2.

Second, many federal savings associations merged with national banks not governed by the HOLA. "Whether, and to what extent, HOLA applies to claims against a national bank when that bank has acquired a loan executed by a federal savings association [remains] an open question." *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 970–71 (9th Cir. 2017). District courts in the Ninth Circuit have taken three distinct positions on this issue. The first position is that HOLA preemption applies to all conduct relating to a loan originating with a federal savings bank. *See Kenery v. Wells Fargo, N.A.*, No. 13-cv-02411-EJD, 2014 WL 129262, at *3 (N.D. Cal. Jan. 14, 2014); *see also Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010); *Ambers v. Wells Fargo Bank, N.A.*, No. 13-cv-03940-NC, 2014 WL 883752, at *5 (N.D. Cal. Mar. 3,

---

[1] On October 11, 2017, the Treasury Department announced its intention to eliminate chapter V of title 12 of the Code of Federal Regulations effective October 11, 2018. *See* 82 Fed. Reg. 47083. As a result, OTS regulations, including 12 C.F.R. § 560.2, no longer exist. Neither party addressed the effect of this change. However, given that the Treasury Department did not intend to "make any substantive changes to the regulations [then] applicable to savings associations" (82 Fed. Reg. 47083, 47084) and 12 U.S.C. § 5553 applies to this case, the Court assumes that HOLA field preemption principles apply.
[2] The Court takes judicial notice of Plaintiffs' Deed of Trust. *See* Dkt. No. 10-2, Ex. A. The Deed of Trust was publicly filed with Santa Clara County and is a matter of public record. *See Lee v. City of Los Angeles*, 240 F.3d 754, 774 (9th Cir. 2001); *see also* Fed. R. Evid. 201(b)(2).

2014). The second position is that HOLA preemption never applies to national banks. *See id.* And "[t]he third position is that whether HOLA preemption applies depends on whether the claims arise from actions taken by the federal savings association or from actions taken by the national bank." *Id.*; *see also McShannock v. JP Morgan Chase Bank N.A.*, No. 18-cv-01873-EMC, 354 F. Supp. 3d 1063, 1075 (N.D. Cal. 2018) (adopting the third position).

This Court has previously adopted the first position. *See Ambers*, 2014 WL 883752, at *5; *see also Fernandez v. Wells Fargo Bank, N.A.*, No. 12-cv-03941-NC, 2012 WL 5350256, at *2 (N.D. Cal. Oct. 29, 2012) (applying HOLA preemption). Given that the Ninth Circuit has not provided further guidance on this issue and because Plaintiffs do not provide any reason as to why the Court should deviate from its previous rulings, the Court will follow its prior practice. Accordingly, for each of Plaintiffs' claims, the Court will first apply the framework outlined in *Silvas* to determine whether the claim is preempted. If the claim is not preempted, the Court will consider whether Plaintiffs have stated a claim.

The Ninth Circuit has outlined a three-step analysis to determine whether a state law claim is preempted by the HOLA:

> [T]he first step will be to determine whether the type of law in question is listed in paragraph (b) [of 12 C.F.R. § 560.2]. If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a) [of 12 C.F.R. § 560.2], the presumption arises that the law is preempted.

*See Silvas*, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966–67 (Sept. 30, 1996)). This presumption can be reversed only if the law can clearly be shown to "only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of [§ 560.2]." 12 C.F.R. § 560.2. "Any doubt should be resolved in favor of preemption." *Silvas*, 514 F.3d at 1005.

7

### 1. Wrongful Foreclosure (Claim Two)

Plaintiffs second claim alleges wrongful foreclosure under Cal. Civ. Code § 2923.5. *See* SAC ¶¶ 34–37. As relevant here, § 2923.5 requires mortgage services to give homeowners thirty days' notice prior to recording the notice of default and a declaration that the mortgage servicer has contacted or attempted to contact the borrower. Cal. Civ. Code § 2923.5(a), (b).

Applying the three-step analysis under *Silvas*, the Court concludes that Plaintiffs' claim under § 2923.5 is not preempted. First, foreclosure and recording laws are not listed under 12 C.F.R. § 560.2. At the second and third step, district courts in the Ninth Circuit have disagreed as to whether § 2923.5 "affects lending" and "only incidentally affects" federal thrifts. *Compare DeLeon v. Wells Fargo, Bank N.A.*, 729 F. Supp. 2d 1119, 1127 (N.D. Cal. 2010) (collecting cases and concluding that § 2923.5 is preempted) *with Fernandez*, 2012 WL 5350256, at *6 (concluding that § 2923.5 has only incidental effects on lending operations). This Court has previously held that similar § 2923.5 alleging notice violations only incidentally affects lending operations. *See Fernandez*, 2012 WL 5350256, at *6. Wells Fargo provides no reason why the Court should deviate from *Fernandez*. Accordingly, the Court adopts its prior reasoning and concludes that Plaintiffs' claim under § 2923.5 is not preempted.

However, Plaintiffs have not stated a § 2923.5 claim for wrongful foreclosure. The only remedy under § 2923.5 is "obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5." *Bell v. Wells Fargo Bank, N.A.*, 663 Fed. Appx. 549, 552 (9th Cir. 2016) (quoting *Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 214 (2010)). Here, Plaintiffs' second amended complaint alleges that their home was sold at public auction on May 10, 2018. *See* SAC ¶ 27. Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' second claim under § 2923.5. Because Plaintiffs cannot cure this factual defect with further amendment, dismissal of this claim is without leave to amend.

8

### 2. Negligence (Claim Three)

Plaintiffs' third claim alleges negligence. *See id* ¶¶ 38–46. According to Plaintiffs, Wells Fargo had a duty to engage in good faith efforts to modify their loan or otherwise mitigate their loss. *See id.*

Some courts have concluded that state law negligence claims are preempted at the first step of the *Silvas* analysis because state law negligence relates to the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10); *see DeLeon v. Wells Fargo Bank, N.A.*, No. 10-cv-01390-LHK, 2011 WL 311376, at *9 (N.D. Cal. Jan. 28, 2011). In addition, Plaintiffs' negligence claim clearly "affects lending" in a substantial way. Plaintiffs' claim seeks to impose a substantive requirement on Wells Fargo: a duty to engage in good faith loan modification or loss mitigation alternatives. Thus, Plaintiffs' negligence claim is preempted.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' third claim for negligence. Because preemption cannot be cured through amendment, dismissal is without leave to amend.

### 3. Quiet Title (Claim Five)

Plaintiffs' fifth claim seeks quiet title against Wells Fargo. *See* SAC ¶¶ 50–55. "The purpose of the quiet title action is to determine 'all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.'" *Ayala v. World Sav. Bank, FSB*, 616 F. Supp. 2d 1007, 1015 (C.D. Cal. 2009) (quoting *Newman v. Cornelius*, 3 Cal. App. 3d 279, 284 (1970)).

Plaintiffs' quiet title action is based solely on their Cal. Civ. Code § 2923.5 claim, alleging that the notices of default and sale recorded by Wells Fargo failed to meet various notice requirements. Because Plaintiffs' § 2923.5 claim is not preempted, the HOLA does not preempt this claim either.

However, as with their § 2923.5 claim, Plaintiffs fail to state a claim to quiet title. To quiet title, Plaintiffs must allege: "(1) a description of the property in question; (2) the basis for Plaintiffs' title; (3) the adverse claims to Plaintiffs' title; (4) the date as of which

9

the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." *Williams v. Bank of Am. Nat'l Ass'n*, No. 15-cv-00792-LHK, 2015 WL 6602403, at *5 (N.D. Cal. Oct. 30, 2015) (citing Cal. Code Civ. Proc. § 761.020). To satisfy the second element—the basis for Plaintiffs' title—Plaintiffs must allege that they have satisfied their obligations under the Deed of Trust. *Kelley v. Mortg. Elec. Reg. Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Under California law, this means Plaintiffs must allege tender, *i.e.*, that they have paid or offered to pay the outstanding debt on their home. *Williams*, 2015 WL 6602403, at *5 (citing *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994)).

Here, Plaintiffs have not alleged that they have paid or offered to pay the outstanding debt on their home. Although Plaintiffs allege that they were never given an "adequate opportunity to correct their arrears" (SAC at 2) and "are willing and prepared to address any outstanding obligations that may be due to [Wells Fargo]" (*id.* ¶ 55), these allegations are insufficient. The tender requirement requires more than a willingness to pay off part of the loan or enter into a payment plan. "Tender must be (1) in full, (2) unconditional, and (3) made in good faith, and a plaintiff alleging an offer of tender must additionally possess the ability to perform." *Ford v. Lehman Bros. Bank, FSB*, No. 12-cv-00842-CRB, 2012 WL 2343898, at *12 (N.D. Cal. June 20, 2012) (citing Cal. Civ. Code §§ 1493–95). Plaintiffs have not alleged that they have paid or offered to pay the full amount of their mortgage and have the ability to do so.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' claim to quiet title. Because the deficiencies could be cured through further factual allegations, dismissal is with leave to amend.

### 4. California Homeowner Bill of Rights (Claim Ten)

Plaintiffs' tenth claim alleges that Wells Fargo violated of two sections of the California Homeowner Bill of Rights ("HBOR"): Cal. Civ. Code §§ 2923.6 and 2923.7. *See* SAC ¶¶ 66–70.

The HBOR prohibits dual-tracking or the practice of preparing to initiate

foreclosure proceedings while engaging in loan modification review. *See* Cal. Civ. Code § 2923.6. It also requires mortgage servicers to provide a single point of contact to borrowers and imposes certain responsibilities on those points of contact. *See id.* § 2923.7. These laws expressly impose requirements on mortgage servicers and thus regulate the "[p]rocessing [and] servicing" of mortgages. 12 C.F.R. § 560.2(b)(10). As a result, both Cal. Civ. Code §§ 2923.6 and 2023.7 are preempted by the HOLA. *See McCreary v. Wells Fargo Bank, N.A.*, No. 18-cv-04200-VC, 2019 WL 468814, at *1 (N.D. Cal. Feb. 6, 2019); *Campos v. Wells Fargo Bank, N.A.*, No. 15-cv-1200-JVS, 2015 WL 5145520, at *7 (C.D. Cal. Aug. 31, 2015).

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' HBOR claims. Because preemption cannot be cured through amendment, dismissal is without leave to amend.

### 5. Unfair Competition Law (Claim Four)

Plaintiffs' fourth claim alleges violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. *See* SAC ¶¶ 47–49.

The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "It thereby 'borrows' violations from other laws by making them independently actionable as unfair competitive practices." *AT & T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1107 n.1 (9th Cir. 2013) (internal citation and quotation marks omitted). Because UCL claims are derivative, whether it is preempted by the HOLA depends on the underlying claims. *See, e.g.*, *Kenery*, 2014 WL 129262, at *5.

Here, Plaintiffs' negligence and HBOR claims under Cal. Civ. Code §§ 2923.6 and 2923.7 are preempted. Thus, Plaintiffs' UCL claim is also preempted to the extent it relies on those allegations. Plaintiffs' UCL claim is not preempted to the extent it relies on their wrongful foreclosure allegations, quiet title claim, and federal law claims. However, because Plaintiffs have not otherwise stated a claim, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' UCL claim with leave to amend.

## C. Truth In Lending Act (Claim One)

Wells Fargo argues that Plaintiffs' first claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* is barred by the statute of limitations.

TILA obligates lenders to make certain disclosures to the borrower relating to finance charges. 15 U.S.C. §§ 1638, 1632. A damages claim for a TILA violation must be brought "within one year from the date of the occurrence of the violation." *Id.* § 1640(e). The statutory period generally runs from the date the loan agreement was executed. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed.").

Here, the alleged TILA violations occurred in 2010, 2011, and 2014. Plaintiffs allege that in 2010, Wells Fargo violated the TILA by providing false or misleading information in the loan modification process. *See* SAC ¶ 11. In 2011, Wells Fargo allegedly violated the TILA again by showing a different maturity date on the loan statements. *See id.* ¶ 14. Finally, in 2014, Wells Fargo allegedly violated the TILA by changing the account number associated with their loan. *See id.* ¶ 32.

None of these violations occurred within one year from the date Plaintiffs initiated this lawsuit: November 6, 2018. *See* Dkt. No. 1-1, Ex. A at 3. Accordingly, Plaintiffs' TILA claim is time-barred.

Plaintiffs argue that the one-year statute of limitations should not apply in this case, citing 15 U.S.C. § 1640(k)(1). That section provides two limited exceptions from the statute of limitations. *See* 15 U.S.C. § 1640(k)(1). But neither exception applies here. Section 1640(k)(1) allows borrowers to "assert a violation by a creditor of paragraph (1) or (2) of [15 USCS § 1639b(c)], or of [15 USCS § 1639c(a)] . . . without regard for the time limit on a private action for damages . . . ." 15 U.S.C. § 1640(k)(1). Section 1639b(c) prohibits mortgage servicers from receiving loan origination fees in most circumstances. *See id.* § 1639b(c). And § 1639c(a) requires lenders to confirm that a borrower has the ability to repay a mortgage loan before making the loan. *See id.* § 1639c(a). Plaintiffs' complaint contains no allegations relating to a loan origination fee or whether World

12

Savings' conducted the requisite ability-to-repay determination when it issued the mortgage loan in 2007.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' TILA claims. Dismissal is with leave to amend, however, because "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986); *see also Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). The gravamen of Plaintiffs' lawsuit is that Wells Fargo misled or failed to provide them with necessary information at various points in the loan modification process. It is feasible that Plaintiffs may be able to allege facts to address the TILA's statute of limitations. If Plaintiffs seek to amend, they must allege facts demonstrating that they could not have discovered the alleged violations by exercising reasonable diligence. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010).

### D. Fourteenth Amendment Due Process (Claim Six)

Next, Wells Fargo argues that Plaintiffs' sixth claim for violation of their Fourteenth Amendment Due Process rights must be dismissed because Plaintiffs do not allege any state action. The Court agrees.

The Fourteenth Amendment states, in relevant part: "[n]o *State* shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. For the Fourteenth Amendment to apply to a foreclosure proceeding, there must be "'overt official involvement' in the enforcement of the creditors' remedies." *Apao v. Bank of N.Y.*, 324 F.3d 1091, 1095 (9th Cir. 2003) (quoting *Flagg Bros, Inc. v. Brooks*, 436 U.S. 149, 157 (1978)). "While the bar for state action is low, non-judicial foreclosure proceedings . . . nevertheless slip under it for want of direct state involvement." *Id.* (citations omitted).

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' due process claim. Although facts could conceivably be alleged to state this claim, Plaintiffs

13

did not oppose Wells Fargo's motion to dismiss this claim. Thus, the Court will deem this claim abandoned and dismiss it without leave to amend. *See Yee v. Select Portfolio, Inc.*, No. 18-cv-02704-LHK, 2018 WL 6173886, at *6 (N.D. Cal. Nov. 26, 2018).

### E. Real Estate Settlement Procedures Act

Plaintiffs appear to assert an unnumbered claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, for engaging in fraudulent or sham loan modification procedures. *See* SAC ¶¶ 71–75. Wells Fargo argues that this claim is barred by the statute of limitations.

Depending on which specific provision of the statute is asserted, a RESPA claim must be made within one to three years "from the date of the occurrence of the violation." 12 U.S.C. § 2614; *see also Blackwell v. Wells Fargo Home Mortg., Inc.*, No. 10–cv–04917-JF, 2011 WL 250436, at *2 (N.D. Cal. Jan. 26, 2011) (the RESPA statute of limitations runs on the date the loan is consummated). And, as with the TILA, equitable tolling of the statutes of limitation may apply "if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Gens v. Wachovia Mortg. Corp.*, No. 10–cv–01073-LHK, 2011 WL 1791601, at *6 (N.D. Cal. May 10, 2011), *aff'd*, 503 Fed. App'x 533 (9th Cir. 2013).

Plaintiffs' second amended complaint identifies loan modification applications in 2010 and 2011.[3] *See* SAC ¶ 75. Both applications are well beyond any applicable statute of limitations and Plaintiffs allege no facts suggesting that equitable tolling should apply. According the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' RESPA claim to the extent it is based on loan modifications applications from 2010 and 2011, without leave to amend.

Plaintiffs' second amended complaint also identifies loan modification applications

---

[3] In their opposition, Plaintiffs also assert that they applied for loan modification in 2014. *See* Dkt. No. 40 at 15. But the only allegations in the second amended complaint relating to Wells Fargo's conduct in 2014 are allegations relating to a statement of unpaid values. *See* SAC ¶ 16. In any case, conduct from 2014 falls outside any statute of limitations period under RESPA.

14

from 2016 and 2017. *See id.* ¶¶ 17–22, 27. But Plaintiffs fail to allege "any actual damages to the borrower as a result of the failure." 12 U.S.C. § 2605(f)(1); *see also* 12 C.F.R. § 1024.41. To state a claim under RESPA, Plaintiffs must allege "concrete harm caused by the RESPA violation itself, not harm generally resulting from a plaintiff's default and foreclosure process." *See Tamburri v. Suntrust Mortg., Inc.*, 875 F.Supp. 2d 1009, 1014 (N.D.Cal.2012); *see also Obot v. Wells Fargo Bank, N.A.*, No. 11-cv-00566-HRL, 2011 WL 5243773, at *3 (N.D. Cal. Nov. 2, 2011) (borrower failed to allege damages because she had defaulted on her loan before the alleged RESPA violations).

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' RESPA claim to the extent it is based on loan modifications applications from 2016 and 2017, with leave to amend.

### F. Broken Chain of Title (Claim Seven)

Plaintiffs' seventh claim alleges a "broken chain of title." *See* SAC ¶ 61. While the legal basis for this claim is unclear, Plaintiffs appear to assert that the transfer of their promissory note from World Savings to Wells Fargo split the note from their Deed of Trust, rendering the note defective and unenforceable. *Id.* This theory, however, is not the law. Cal. Civ. Code § 2936 provides that "[t]he assignment of a debt secured by mortgage carries with it the security." In other words, the transfer of Plaintiffs' note to Wells Fargo did not make it unenforceable. *See Junod v. Mortg. Elec. Registration Sys.*, 548 Fed. Appx. 465, 468 (9th Cir. 2014). Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' "broken chain of title" claim without leave to amend.

### G. IRS Forms 56 and 4490 (Claim Eight)

Plaintiffs' eighth claim alleges that Wells Fargo failed to file IRS Forms 56 and 4490 with this Court and that such failure violates their Fourteenth Amendment due process rights. *See* SAC ¶¶ 62–64. Although it appears Wells Fargo did not file those forms with the Court, it is unclear why that was required. Neither Form is relevant to this lawsuit. The Court is not aware of any statute or case law requiring Wells Fargo to file those Forms here and Plaintiffs point to none. Accordingly, the Court GRANTS Wells

Fargo's motion to dismiss Plaintiffs' eighth claim without leave to amend.

### H. Reconveyance (Claim Nine)

Finally, Plaintiffs' ninth claim alleges that Reconveyances recorded with the County of Santa Clara demonstrate that their mortgage and Deed of Trust had been paid in full. *See* SAC ¶ 65; *see also* Dkt. No. 1-1 at 23–24. Review of the Reconveyances, however, reveal that neither Reconveyance relate to the Deed of Trust at issue—Plaintiffs' 2007 Deed of Trust with World Savings. The first Reconveyance concerns a deed of trust recorded on February 8, 2005, between the Townsends and Technology Credit Union. *See* Dkt. No. 1-1 at 23. The second Reconveyance concerns a deed of trust recorded on November 30, 2006, between the Townsends and Household Finance Corporation. *See id.* at 24. Those deeds are not at issue in this lawsuit. Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' ninth claim without leave to amend.

## V. Conclusion

The Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' claims without leave to amend as follows:

- Cal. Civ. Code § 2923.5 claim;
- Negligence claim;
- Due process claim;
- Broken chain of title claim;
- IRS Forms 56 and 4490 claim;
- Reconveyance claim;
- Cal. Civ. Code §§ 2923.6 and 2923.7 claim; and
- RESPA claim to the extent it is based on Plaintiffs' 2010, 2011, and 2014, loan modification applications.

The Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' claims with leave to amend as follows:

- TILA claim;
- UCL claim;

- Quiet title; and
- RESPA claim to the extent it is based on Plaintiffs' 2016 and 2017, loan modifications applications.

Plaintiffs must file their third amended complaint, if any, by **June 24, 2019**. Plaintiffs may not add any new claims or parties without further leave of the Court. The third amended complaint must cure the deficiencies identified in this order or the Court will dismiss Plaintiffs' case.

The Court reminds Plaintiffs of the Federal Pro Se Program, which provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is located in Room 2070 in the San Jose United States Courthouse, and is available by appointment Monday to Thursday 9:00 a.m.–4:00 p.m. The Program can be reached by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: June 3, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge