UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L TOWNSEND, et al.,<br>Plaintiffs,<br>v.<br>WELLS FARGO BANK, N.A.,<br>Defendant. | Case No. 18-cv-07382-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 51 |

Defendant Wells Fargo Bank moves to dismiss plaintiffs Ronnie L. Townsend and Iris Townsend's third amended complaint. *See* Dkt. No. 51. Because the Court previously dismissed Plaintiffs' complaint and they have been unable to cure their complaint's deficiencies, the Court GRANTS the motion to dismiss without leave to amend.

**I. Allegations in the Third Amended Complaint**

Plaintiffs purchased a house in San Jose in 2007 with a loan originally held by World Savings Bank and now held by Wells Fargo. *See* Dkt. No. 50 ("TAC") ¶¶ 4, 7, 10. That loan originally featured escalating payments, increasing to over $4,000 per month within the first three years of the loan. *Id.* ¶ 10. In 2009, after suffering a financial hardship, Plaintiffs approached Wells Fargo to apply for a loan modification. *Id.* ¶ 11. That modification changed the maturity date of the loan from 2037 to 2049 and increased the total amount to be paid over the life of the loan. *See id.* ¶¶ 11–12.

In July 2016, Plaintiffs again applied for a loan modification. *See id.* ¶ 15. Wells Fargo advised Plaintiffs to include both Ronnie and Iris's income on their application despite the fact that Iris's income was sporadic. *Id.* Later that year, Wells Fargo gave Plaintiffs contradictory advice regarding whether to continue to make payments on their loans. *Id.* ¶¶ 16–17. By November 2016, Wells Fargo denied their loan modification application, stating that Plaintiffs' combined income was too high. *Id.* ¶¶ 15, 18. Plaintiffs appealed Wells Fargo's decision, but their appeal was also denied. *Id.* ¶ 20.

In April 2017, Plaintiffs secured conditional approval of a third-party loan for up to 65% of their property value in an attempt to refinance their mortgage. *Id.* ¶ 21. The third-party loan was conditioned on Plaintiffs reducing the principal on their mortgage by about $20,000. *Id.* Plaintiffs petitioned Wells Fargo to accept a $20,000 payment in conjunction with the conditional loan. *Id.* Wells Fargo rejected Plaintiffs' proposal. *Id.*

Plaintiffs again applied for loan modification in April 2017. *Id.* ¶ 22. After Wells Fargo denied their application, Plaintiffs filed for bankruptcy in June 2017 to stave off foreclosure, which was pushed to February 2018. *Id.*

As the sale date drew near, Plaintiffs again filed for bankruptcy and sought additional funding with another lender. *Id.* ¶ 23. The third-party lender refused to give final approval while Plaintiffs' property was in active foreclosure. *Id.* Plaintiffs asked Wells Fargo to remove the property from active foreclosure, but Wells Fargo refused. *Id.* Because Plaintiffs' second bankruptcy filing did not include an automatic stay, Plaintiffs' property was sold at public auction on May 10, 2018. *Id.*

## II. Procedural History

Plaintiffs filed their third amended complaint on June 24, 2019, alleging (1) violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (3) quiet title; and (4) violations of the California Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2923.6, 2923.7. *See id.* Wells Fargo now moves to dismiss the third amended complaint. *See* Dkt. No. 51.

Wells Fargo also requests judicial notice of a loan modification agreement. *See* Dkt. No. 52. Courts may take judicial notice of documents if they are matters of public record or if the complaint necessarily relies on them. *See Lee v. City of Los Angeles*, 240 F.3d 754, 774 (9th Cir. 2001); *see also* Fed. R. Evid. 201(b)(2). The Court declines to take judicial notice of the loan modification agreement. Townsend disputes the authenticity of that document and contends that it is not publicly available. *See* Dkt. No. 55 at 2–3.

## III. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

## IV. Discussion

### A. California HBOR

In the Court's June 4, 2019, order granting Wells Fargo's motion to dismiss, the Court dismissed Plaintiffs' HBOR claims with prejudice because those claims were preempted by the Home Owners' Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1465. *See*

Dkt. No. 49 at 6. Plaintiffs assert that they repeated their HBOR claims for the factual allegations contained within to provide context. *See* Dkt. No. 55 at 2. The Court will consider those allegations, but again GRANTS Wells Fargo's motion to dismiss Plaintiffs' HBOR claims.[1]

### B. Truth In Lending Act

The TILA obligates lenders to make certain disclosures to the borrower relating to finance charges. 15 U.S.C. §§ 1632, 1638. In 2010, the Dodd-Frank Wall Street Reform Act and Consumer Protection Act of 2010 ("Dodd-Frank"), 124 Stat. 1376 (2010), amended the TILA to require lenders to adhere to certain "minimum standards" for residential mortgage loans. *See* 15 U.S.C. § 1639c; *cf. Weller v. HSBC Mortg. Servs., Inc.*, 971 F. Supp. 2d 1072, 1077 (D. Colo. 2013) ("[T]he effective date of the Dodd-Frank amendment[s] is July 21, 2010 . . . .").

Plaintiffs allege three TILA violations. First, Plaintiffs allege that World Savings Bank acted deceitfully when it issued a mortgage loan featuring an escalating payment. *See* TAC ¶ 10. That payment was deceitful, according to Plaintiffs, because it would escalate to over 60% of Plaintiffs' net monthly income. *Id.* The second TILA violation occurred during the first loan modification process in 2009 to 2010. *Id.* ¶ 13. During this modification, Plaintiffs allege that Wells Fargo failed to disclose that the maturity date on their loan had been extended from 2037 to 2049. *Id.* ¶¶ 12–13. Plaintiffs also allege that Wells Fargo did not provide an amortization schedule. Finally, the third TILA violation consists of Wells Fargo's multiple failures to properly apply Plaintiffs' mortgage payments from 2011 to 2016. *Id.* ¶ 26.

Plaintiffs' first TILA claim fails because World Savings Bank issued their mortgage in 2007, three years before the Dodd-Frank amendments took effect. There is no indication that the minimum standards requirement Dodd-Frank amendments were intended to apply retroactively. *See also Arzamendi v. Wells Fargo Bank, N.A.*, No. 17-cv-

---

[1] To the extent Plaintiffs merely repeat their HBOR claims for its factual allegations (*see* Dkt. No. 55 at 2), the Court will consider those allegations.

4

01485-LJO (SKO), 2018 U.S. Dist. LEXIS 109383, at *10 (E.D. Cal. June 29, 2018) ("Plaintiff has made no argument that [§ 1639c] has retroactive effect"); *cf. Weller*, 971 F. Supp. 2d at 1077–79 (rejecting retroactivity for Dodd-Frank's restrictions on arbitration).

Next, a damages claim for a TILA violation must be brought "within one year from the date of the occurrence of the violation." *Id.* § 1640(e). The statutory period generally runs from the date the loan agreement was executed. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed.").

However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). "The fact that Plaintiff may not have been aware of the relevant TILA provisions is non-dispositive; rather, the touchstone is whether Plaintiff made some cognizable attempt to inquire into the details of her loan and whether Defendant actively rebuffed her efforts through fraudulent concealment of facts." *Pfitzer v. Beneficial Cal., Inc.*, No. 09-cv-02634-MCE (GGH), 2010 WL 3220132, at *3 (E.D. Cal. Aug. 13, 2010). "[D]ismissal is proper where a plaintiff fails to allege any facts demonstrating that he . . . could not have discovered the alleged violations by exercise of due diligence . . . ." *Thomas v. Bank of Am. Home Loans*, No. 11-cv-01832-JST (VBKx), 2012 WL 3029667, at *3 (C.D. Cal. July 24, 2012) (citation and quotation marks omitted).

On their face, Plaintiffs' second TILA claim is time-barred because none of them were brought within one year. *See* 15 U.S.C. § 1640(e). Plaintiffs assert that equitable tolling applies because Wells Fargo did not record the loan modification with the county clerk and did not include those changes in the loan modification letter. *See* TAC ¶ 14. These allegations, however, are undercut by Plaintiffs admissions that they in fact discovered the maturity date extension "some years after the modification was agreed to[,]" but fail to specify when that occurred. *Id.* ¶ 13. And, by 2016, Plaintiffs applied for a further loan modification—it is reasonable to infer that Plaintiffs were aware of the

5

actual terms of their loan by that point. *See Reyes v. WMC Mortg. Corp.*, No. 11-cv-01988-CW, 2012 WL 1067560, at *3 (N.D. Cal. Mar. 28, 2012). Likewise, "the failure to disclose the appraisal would be apparent with due diligence at the time the loan was executed." *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1157 (N.D. Cal. 2011).

Finally, Plaintiffs' third TILA claim is time-barred for the same reason. They fail to allege any facts showing that they had made some attempt to discover their claim but were prevented from doing so by Wells Fargo. Indeed, Plaintiffs allege that their February 2014 statement showed that Wells Fargo had refused to credit certain payments. *See* TAC ¶ 26.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' TILA claims. Because Plaintiffs failed to cure the deficiencies in their complaint, dismissal is without leave to amend. *See* Dkt. No. 49 at 17.

### C. Unfair Competition Law

Plaintiffs allege that Wells Fargo violated the UCL by improperly reporting their loan status to credit reporting bureaus during their bankruptcy period. *See* TAC ¶ 27. According to Plaintiffs, the improper reporting hurt their credit rating. *Id.* ¶¶ 27–28.

The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "It thereby 'borrows' violations from other laws by making them independently actionable as unfair competitive practices." *AT & T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1107 n.1 (9th Cir. 2013) (citation and quotation marks omitted).

Wells Fargo first argues that Plaintiffs' UCL claim is preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681t. *See* Dkt. No. 51 at 15. The FCRA, however, does not completely preempt all state-law credit reporting claims. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010). In particular, the Ninth Circuit held in *Carvalho* that claims derived from Cal. Civ. Code § 1785.25 are not preempted by the FCRA. *Id.*; *see also Mortimer v. JP Morgan Chase Bank, N.A.*, No. 12-cv-01936-CW, 2012 WL 3155563, at *5–6. Because Plaintiffs' UCL claim could reasonably be read as alleging violations of Cal. Civ. Code § 1785.25, it is not preempted by the FCRA.

1    Nonetheless, Plaintiffs fail to state a UCL claim because they fail to establish UCL standing. To bring a claim under the UCL, Plaintiffs must "ha[ve] suffered an injury in fact and ha[ve] lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code § 17204. "This provision requires [plaintiffs] to show that [they] ha[ve] lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution . . . and also requires a causal connection between [the] alleged UCL violation and [the] injury in fact." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010) (citations and quotation marks omitted).

While diminished credit ratings alone can confer UCL standing (*see Rex v. Chase Home Fin., LLC*, 905 F. Supp. 2d 1111, 1147 (C.D. Cal. 2012) (citing *Rubio*, 613 F.3d at 1204)), Plaintiffs fail to establish the requisite causal connection between Wells Fargo's alleged improper reporting and their diminished credit rating. Their complaint alleged that they declared Chapter 13 bankruptcy on at least two occasions and Wells Fargo's alleged improper reporting occurred during one of their bankruptcy periods. *See* TAC ¶¶ 22–23, 27. Plaintiffs alleged no facts suggesting that it was Wells Fargo's reporting, not their bankruptcy, that hurt their credit rating. Indeed, Plaintiffs do not even explain how Wells Fargo's reporting was improper.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' UCL claim. As with their TILA claim, dismissal is without leave to amend.

### D. Quiet Title

A claim to quiet title requires: "(1) a description of the property in question; (2) the basis for Plaintiffs' title; (3) the adverse claims to Plaintiffs' title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." *Williams v. Bank of Am. Nat'l Ass'n*, No. 15-cv-00792-LHK, 2015 WL 6602403, at *5 (N.D. Cal. Oct. 30, 2015) (citing Cal. Code Civ. Proc. § 761.020). To satisfy the second element—the basis for Plaintiffs' title—Plaintiffs must allege that they have satisfied their obligations under the Deed of Trust. *Kelley v. Mortg. Elec. Reg. Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Under

California law, this means Plaintiffs must allege tender, *i.e.*, that they have paid or offered to pay the outstanding debt on their home. *Williams*, 2015 WL 6602403, at \*7 (citing *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994)).

Here, Plaintiffs again have not alleged that they have paid or offered to pay the outstanding debt on their home. The tender requirement requires more than a willingness to pay off part of the loan or enter into a payment plan. "Tender must be (1) *in full*, (2) *unconditional*, and (3) made in good faith, and a plaintiff alleging an offer of tender must additionally possess the ability to perform." *Ford v. Lehman Bros. Bank, FSB*, No. 12-cv-00842-CRB, 2012 WL 2343898, at \*12 (N.D. Cal. June 20, 2012) (citing Cal. Civ. Code §§ 1493–95) (emphasis added). Plaintiffs only allege that they had conditional loans that would pay off only part of their mortgage. *See* TAC ¶ 21.

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' quiet title claim. Because Plaintiffs have not been able to cure their pleading deficiencies, dismissal is without leave to amend.

### E. Real Estate Settlement Procedures Act

Plaintiffs allege an unnumbered claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, for failing to provide status updates during the modification review. *See* TAC ¶¶ 33–36.

To state a claim under RESPA, plaintiffs must allege facts showing both the defendant's failure to comply with RESPA and "actual damages to the borrower as a result of the failure." *Lal v. Am. Home Serv., Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010); *see also Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1014 (N.D. Cal.2012). For example, in *Johnson v. HSBC Bank USA*, No. 11-cv-02091-JM (WVG), 2012 WL 928433, at \*6 (S.D. Cal. Mar. 19, 2012), a homeowner requested verification of his debt, but the bank failed to give a substantive response. As a result, the homeowner continued to pay incorrect amounts on his loan, causing harm to his credit. *Id.*

By contrast, here, Plaintiffs fail to allege damage as a result of Wells Fargo's alleged failure to respond to their April 2017 request for information. Indeed, Plaintiffs

allege that they eventually received a response in August 2017 (*see* Dkt. No. 55 at 6) and had received other responses telephonically (*see* TAC ¶ 22). Moreover, Plaintiffs defaulted on their loan in March 2017 (*see* Dkt. No. 10-2)[2] before they contacted Wells Fargo. *See Banares v. Wells Fargo Bank, N.A.*, 681 Fed. Appx. 638, 641 (9th Cir. 2017) ("[Even] if Wells Fargo had responded to [the plaintiff's] QWR with more information . . . [she] would still have been in default and subject to foreclosure.").

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' RESPA claim. As with their other claims, dismissal is without leave to amend.

### F. Leave to Amend

As noted in this order, the Court denies further leave to amend. Further amendment is futile because Plaintiff is unable to fix the factual deficiencies in his complaints. *Lopez*, 203 F.3d at 1127. Plaintiff has amended his complaint three times, the Court previously dismissed his claims, and the parties had participated in a settlement conference. In addition, at the August 14, 2019, hearing on Wells Fargo's motion, Plaintiff was given leave to file a supplemental declaration describing potential amendments. *See* Dkt. Nos. 57, 58. Plaintiff did not file a supplemental declaration.

## V. Conclusion

The Court GRANTS Wells Fargo's motion to dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated: August 30, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

---

[2] Defendants previously requested judicial notice of the notice of default. *See* Dkt. No. 10-1. As this document is a matter of public record and its authenticity is not disputed, the Court again takes judicial notice of this document. *See Lee*, 240 F.3d at 774.

9